UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN BRICKER,

        Plaintiff,

  v.                                CAUSE NO. 3:26cv702 DRL-SJF

WEICHERT REAL ESTATE
AFFILIATES, INC. *et al.*,

        Defendants.

## ORDER

On May 21, 2026, John Bricker filed a *pro se* complaint and paid the filing fee. Notwithstanding the payment of any filing fee, the court has an independent obligation to ensure its subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Smith v. Am. Gen. Life & Accident Ins.*, 337 F.3d 888, 892 (7th Cir. 2003), and the court may screen a complaint and dismiss it if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service[.]"); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants . . . regardless of fee status."). Mr. Bricker's complaint does not meet federal pleading standards. *See* 28 U.S.C. § 1915(a)(1).

The court construes Mr. Bricker's *pro se* pleading liberally and takes all well-pleaded allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Though *pro se* litigants are not held to the same standards as attorneys, *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999), they are not exempt from the rules of civil procedure, *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994).

Mr. Bricker advances five counts—defamation *per se*, civil conspiracy, negligent misrepresentation, negligent supervision, and tortious interference with prospective business advantage—against Weichert Real Estate Affiliates, Inc. (WREA), Weichert of North America, Inc., Mary Welty-Meyer, Dunegrass Properties, Inc. (doing business as Weichert-Merrion), Chris Redlarczyk, and Redlarczyk Properties, LLC. He says Ms. Welty-Meyer, Mr. Redlarczyk, and a nonparty employee of Weichert-Merrion knowingly submitted false statements about him in eviction proceedings concerning his business's commercial lease as part of a coordinated conspiracy among all defendants (and others) to interfere with his tenancy and business relationships. He says he reported this misconduct to the franchise division of WREA and to Weichert of North America, but they took no action in response.

The court has an independent obligation to ensure its subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Smith v. Am. Gen. Life & Accident Ins.*, 337 F.3d 888, 892 (7th Cir. 2003). Federal district courts have original jurisdiction over federal question cases—that is, "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331—and diversity jurisdiction over lawsuits brought by citizens of different states when the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. Federal Rule of Civil Procedure 8 "requires a short and plain statement of the jurisdictional basis, which, however must be

alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *McCready v. eBay, Inc.*, 453 F.3d 882, 890-91 (7th Cir. 2006) (quotations and citation omitted).

Mr. Bricker says the court has diversity jurisdiction over his alleged claims, including that he is a Michigan citizen, WREA and Weichert of North America are Delaware corporations with principal places of business in New Jersey, that Ms. Welty-Meyer and Mr. Redlarczyk are Indiana citizens, and that the amount in controversy exceeds $75,000. But the complaint fails to properly plead the citizenships of Redlarczyk Properties and Dunegrass.

As to Redlarczyk Properties, he says Chris Redlarczyk is the LLC's sole or controlling member. "[T]he citizenship of an LLC is the citizenship of each of its members. Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint . . . was filed, and, if those members have members, the citizenship of those members as well." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (citation omitted); *see also Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (citizenship "must be traced through however many layers of partners or members there may be"). Mr. Bricker must affirmatively identify each member and plead the citizenship of each member, regardless of who is the controlling member. *See Thomas*, 487 F.3d at 534; *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1073 (7th Cir. 1992) (*per curiam*) ("impossible to determine diversity of citizenship without knowing who the persons in question are"); 5 Wright & Miller, *Federal Practice and Procedure* § 1208 (4th ed. 2024) ("complaint must affirmatively demonstrate that the claim is within the subject matter jurisdiction of the federal courts"). Members must be identified by type (whether natural

person, a type of business firm, or other) and name because different standards will apply to adjudge diversity jurisdiction based on the answer, and glitches can lurk without that precision. *See, e.g., Egg Innovations, LLC v. CMC Food, LLC,* 2022 U.S. Dist. LEXIS 14005, 2-7 (N.D. Ind. Jan. 25, 2022); *T&A Custom Welding & Fab, LLC v. Stealth Enters., LLC*, 3:24cv918 ECF 9-10 (N.D. Ind. Feb. 5, 2025). Calling this one individual *either* a sole or controlling member, the court cannot confirm that jurisdiction exists; a controlling member would not answer the jurisdictional question.

The complaint also says Dunegrass is an Indiana corporation with a registered office in Michigan City, Indiana that has been administratively dissolved, though it remains suable under Indiana Code § 23-1-45-7. Based on this information, the court cannot be assured of Dunegrass's citizenship. "For the purposes of [diversity jurisdiction] a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). When the law under which a dissolved corporation was incorporated permits it to sue and be sued after dissolution, its "status for diversity purposes" is unaffected. *Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 529 (7th Cir. 2002); *see also Colon v. SmithKline Beecham Corp.*, 2010 U.S. Dist. LEXIS 544, 16-17 (S.D. Ill. Jan. 5, 2010) (citing cases). Mr. Bricker says Dunegrass is an Indiana corporation and explained that it can be sued despite administrative dissolution. *See* Ind. Code § 23-1-45-7(d)(1) ("A claim may be enforced under this section . . . against the dissolved corporation[.]"). It is thus a citizen of Indiana based on its state of incorporation.

Mr. Bricker also provides the location of Dunegrass's registered office. As a general matter, a registered office isn't the same as a corporation's principal place of business. *See Hertz*

4

*Corp. v. Friend*, 559 U.S. 77, 80 (2010) ("place where the corporation's high level officers direct, control, and coordinate the corporation's activities"). But the Court of Appeals "has not addressed whether inactive or dissolved corporations are considered to have principal places of business for jurisdictional purposes," and the issue is the subject of a circuit split. *Pratt v. Green Bay Distribs.*, 2017 U.S. Dist. LEXIS 157351, 4-5 (S.D. Ind. Sep. 25, 2017); *see Holston Inv., Inc. v. Lanlogistics Corp.*, 677 F.3d 1068, 1070-71 (11th Cir. 2012).

In the Eleventh and Third Circuits, a dissolved corporation has no principal place of business and is a citizen only of its state of incorporation. *See Holston*, 677 F.3d at 1071; *Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995). In the Second Circuit, the dissolved corporation is also a citizen of the state in which "it last transacted business." *See William Passalacqua Builders, Inc. v. Resnick Developers S., Inc.*, 933 F.2d 131, 141 (2d Cir. 1991); *see also Bonnie & Co. Fashions, Inc. v. Bankers Tr.*, 18 F. Supp.2d 297, 303 (S.D.N.Y. 1998) (distinguishing a company's last principal place of business before becoming inactive from where it last transacted business). In the Fourth and Fifth Circuits, courts must analyze the dissolved corporation's activities to determine whether it remains a citizen of the state in which its principal place of business had been located in addition to its state of incorporation or is only a citizen of the latter. *See Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 291-92 (4th Cir. 1999) (for an inactive corporation, question is "whether a corporation's business activity" as of the date the action as commenced "was sufficient to make it a citizen of the state of such activity"); *Harris v. Black Clawson Co.*, 961 F.2d 547, 550-51 (5th Cir. 1992) (if "a corporation has been inactive in a state for a substantial period of time, in this case five years, that state is not the corporation's principal place of business"). District courts within this circuit have not

coalesced around one of these three approaches, *see, e.g.*, *Pratt*, 2017 U.S. Dist. LEXIS 157351 at 5-6 (applying Second Circuit test); *Mamco Corp. v. Carlisle Cos.*, 2011 U.S. Dist. LEXIS 2721, 4-5 (E.D. Wis. Jan 4, 2011) (same); *Carlos v. Adamany*, 1996 U.S. Dist. LEXIS 5764, 8 (N.D. Ill. Apr. 17, 1996) (applying Third Circuit test), and others have simply decided that the principal place of business for a dissolved corporation that can be sued is the location of its former principal place of business, *see, e.g.*, *Caterpillar Fin. Servs. Corp. v. Peoples Nat'l Bank, N.A.*, 2012 U.S. Dist. LEXIS 89427, 1 n.1 (S.D. Ill. June 28, 2012).

The court need not decide at this juncture which standard to apply. It is possible that Dunegrass's principal place of business (or lack thereof) under any approach would permit the court's exercise of diversity jurisdiction here. For the court to properly evaluate citizenship, Mr. Bricker must identify Dunegrass's state of incorporation, principal place of business when it last operated, the place in which it last transacted business, and when the business became inactive.

Given that he is proceeding *pro se*, the court will afford Mr. Bricker another opportunity and let him file an amended complaint. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). His amended complaint must be self-contained—in other words, it cannot refer to or piggyback on other filings on the docket. He must establish that his case falls within the limited jurisdiction of this court and provide as many facts as to what has transpired, such as the harm, who caused the harm, how they caused the harm, when they caused the harm, and the like. There must be sufficient facts pleaded for the court to determine it has jurisdiction and for the court and defendant to understand there is a plausible claim.

Accordingly, the court DISMISSES the complaint [1], AFFORDS Mr. Bricker leave to amend his complaint to become compliant with the federal rules by July 7, 2026, should he decide to pursue his case here rather than state court, and CAUTIONS him that failure to comply with this deadline, plead federal jurisdiction, or file a rule-compliant complaint will result in the dismissal of his case without further notice because his current complaint doesn't state a basis for jurisdiction.

SO ORDERED.

June 12, 2026                                  *s/ Damon R. Leichty*
                                               Judge, United States District Court