UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN BRICKER,

          Plaintiff,

    v.                                  CAUSE NO. 3:26cv702 DRL-SJF

WEICHERT REAL ESTATE
AFFILIATES, INC. *et al.*,

          Defendants.

<u>ORDER</u>

On June 12, 2026, the court dismissed John Bricker's *pro se* complaint and granted him leave to amend to become compliant with the federal rules. He did so on July 6, 2026. Notwithstanding the payment of any filing fee, the court has an independent obligation to ensure its subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Smith v. Am. Gen. Life & Accident Ins.*, 337 F.3d 888, 892 (7th Cir. 2003), and the court may screen a complaint and dismiss it if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service[.]"); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants . . . regardless of fee status.").

Mr. Bricker alleges five counts—defamation *per se*, civil conspiracy, negligent misrepresentation, negligent supervision, and tortious interference with prospective business advantage—against Weichert Real Estate Affiliates, Inc. (WREA), Weichert of North America, Inc., Mary Welty-Meyer, Dunegrass Properties, Inc. (Weichert-Merrion), Chris Redlarczyk, and Redlarczyk Properties, LLC. He says Ms. Welty-Meyer, Mr. Redlarczyk, and a nonparty employee of Weichert-Merrion knowingly submitted false statements about him in eviction proceedings concerning his commercial restaurant equipment business's commercial lease, and republished such statements outside court proceedings. He says they did this as part of a coordinated conspiracy among all defendants (and others) to interfere with his tenancy and business relationships. He also says he reported this misconduct to the franchise division of WREA and to Weichert of North America, who are responsible for the conduct of their affiliates, including Weichert-Merrion, but they took no action in response.

The court has an independent obligation to ensure its subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Smith v. Am. Gen. Life & Accident Ins.*, 337 F.3d 888, 892 (7th Cir. 2003). Mr. Bricker says the court has diversity jurisdiction over his alleged claims, including that he is a Michigan citizen; WREA and Weichert of North America are Delaware corporations, each with a principal place of business in New Jersey; that Ms. Welty-Meyer and Mr. Redlarczyk are Indiana citizens; and that the amount in controversy exceeds $75,000. The citizenships of Dunegrass and Redlarczyk Properties require further discussion.

He says Dunegrass is an Indiana corporation that has been administratively dissolved but remains suable under Ind. Code § 23-1-45-7. As the court noted in its order dismissing the complaint, Dunegrass remains a citizen of its state of incorporation—Indiana—because

2

Indiana law permits it to sue and be sued after dissolution. *See* Ind. Code § 23-1-45-7(d)(1) ("A claim may be enforced under this section . . . against the dissolved corporation[.]"); *Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 529 (7th Cir. 2002); *see also Colon v. SmithKline Beecham Corp.*, 2010 U.S. Dist. LEXIS 544, 16-17 (S.D. Ill. Jan. 5, 2010) (citing cases). The court also noted that this circuit "has not addressed whether inactive or dissolved corporations are considered to have principal places of business for jurisdictional purposes," and that courts have variously determined that they don't, *see, e.g.*, *Holston Inv., Inc. v. Lanlogistics Corp.*, 677 F.3d 1068, 1071 (11th Cir. 2012); that the principal place of business is where the corporation "last transacted business," *William Passalacqua Builders, Inc. v. Resnick Developers S., Inc.*, 933 F.2d 131, 141 (2d Cir. 1991); that a court must analyze the dissolved corporation's activities to determine whether it remains a citizen of the state in which its principal place of business had been located, *see, e.g.*, *Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 291-92 (4th Cir. 1999); or that it is the location of the dissolved corporation's former principal place of business, *see, e.g.*, *Caterpillar Fin. Servs. Corp. v. Peoples Nat'l Bank, N.A.*, 2012 U.S. Dist. LEXIS 89427, 1 n.1 (S.D. Ill. June 28, 2012). Mr. Bricker pleads information that satisfies each test—that Dunegrass's principal place of business when last operating and the place it last transacted business in 2024 were in Indiana. Accordingly, under any test, Dunegrass is only a citizen of Indiana.

Though all these parties are fully diverse according to the amended complaint, the court can't say the same for Redlarczyk Properties because the complaint doesn't properly plead its citizenship. It says Chris Redlarczyk represented in a court filing and to the Indiana Secretary of State that he is the LLC's "rightful owner," its "sole governing person," and its "registered agent." Mr. Bricker determines based on this information that Mr. Redlarcyk is the LLC's sole

member. But one member of a multimember LLC could be a rightful owner, its registered agent, and the only member involved in governance. Thus, this information does not assure the court of the citizenship of Redlarczyk Properties.

"[T]he citizenship of an LLC is the citizenship of each of its members. Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint . . . was filed, and, if those members have members, the citizenship of those members as well." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (citation omitted); *see also Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (citizenship "must be traced through however many layers of partners or members there may be"). It is necessary to affirmatively identify each member and plead the citizenship of each member, regardless of who is a rightful owner, the LLC's registered agent, or involved in the LLC's governance. *See Thomas*, 487 F.3d at 534; *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1073 (7th Cir. 1992) (*per curiam*) ("impossible to determine diversity of citizenship without knowing who the persons in question are"); 5 Wright & Miller, *Federal Practice and Procedure* § 1208 (4th ed. 2024) ("complaint must affirmatively demonstrate that the claim is within the subject matter jurisdiction of the federal courts"). Members must be identified by type (whether natural person, a type of business firm, or other) and name because different standards will apply to adjudge diversity jurisdiction based on the answer, and glitches can lurk without that precision. *See, e.g., Egg Innovations, LLC v. CMC Food, LLC,* 2022 U.S. Dist. LEXIS 14005, 2-7 (N.D. Ind. Jan. 25, 2022); *T&A Custom Welding & Fab, LLC v. Stealth Enters., LLC*, 3:24cv918 ECF 9-10 (N.D. Ind. Feb. 5, 2025).

Mr. Bricker has likely exhausted his resources to identify the members of Redlarczyk Properties and their citizenships. The court has reviewed the allegations in the pleading and, without prejudging any possible motion to dismiss and whether any claims might ultimately prevail, the court cannot say the complaint must be screened in its entirety. Rather than require Mr. Bricker to amend again to address jurisdiction, the court will require him to confer with Redlarczyk Properties once the company appears, then for both to file a jurisdictional statement identifying the members of the LLC and their citizenship. The court will defer until that time its determination of whether this suit can be maintained.

Accordingly, the court DIRECTS the clerk to issue summons to Chris Redlarczyk and Redlarczyk Properties, LLC and to request a Waiver of Service from (and, if necessary, the United States Marshals Service to serve process on) Dunegrass Properties, Inc., Weichert Real Estate Affiliates, Inc., Weichert of North America, Inc., and Mary P. Welty-Meyer, and ORDERS Mr. Bricker and Relarczyk Properties LLC to file a joint jurisdictional statement no later than 14 days after Relarczyk Properties LLC first appears in the case, consistent with this order.

SO ORDERED.

July 20, 2026

*s/ Damon R. Leichty*
Judge, United States District Court