**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

JOHN BRICKER,

     Plaintiff,

     v.

WEICHERT REAL ESTATE AFFILIATES
INC, et al.,

     Defendants.

CASE NO. 3:26-CV-702-DRL-SJF

**ORDER**

Pending before the Court is *pro se* Defendant Chris Redlarczyk's Motion for Extension of Time, filed on June 22, 2026. [DE 4]. The motion, filed without a certificate of service, requests an additional 60 days in which to file a response so that Defendant may find legal counsel to represent him. Further, Chris Redlarczyk has not filed an appearance in this case.

Fed. R. Civ. P. 5 requires that written motions, such as Defendant's motion for an extension, be served on every party[1] that has appeared in a case. *See* Fed. R. Civ. P. 5(a)(1)(D), (a)(2). In order to ensure that every party has been served, Rule 5(d) mandates that a certificate of service be filed with the court a reasonable time after service has been made. Fed. R. Civ. P. 5(d)(1). A Court may excuse the lack of a

---

[1] Federal Rule of Civil Procedure 5(b) explains that service "on a party represented by an attorney is made on the attorney unless the court orders service on the party."

certificate of service if it can determine that service has nonetheless been made. *See*

*Rusell v. City of Milwaukee*, 338 F.3d 662, 666 (7th Cir. 2003).

There is nothing in the record that suggests that Plaintiff received notice of Chris Redlarczyk's motion, so the Court cannot excuse his failure to provide a certificate of service here. *See Lang v. City of Posen*, Civil Action No. 07 C 7274, 2008 WL 4089313, at *2 (N.D. Ill. 2008). Accordingly, the Court will strike Chris Redlarczyk's motion.

Accordingly, Chris Redlarczyk's Motion for Extension of Time is **STRICKEN**. [DE 4].

Further, the Court **AFFORDS** Defendant Chris Redlarczyk, until **August 21, 2026**, to secure counsel and for his counsel to enter an appearance in this action. If Defendant Chris Redlarczyk cannot secure counsel by this date, he is **ORDERED** to file his appearance[2] *pro se*. Chris Redlarczyk is cautioned that failure to respond to this Order may result in a default judgment entered against him in these proceedings. *See Timms v. Frank*, 953 F.2d 281, 285–86 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982).

---

[2] The Court notes that, although Defendant moved on behalf of himself, his motion for an extension also includes a business entity named Redlarczyk Properties, LLC, in the caption.  As a business entity, Redlarczyk Properties, LLC, may not litigate in this court *pro se. See In re IFC Credit Corp.*, 663 F.3d 315, 318 (7th Cir. 2011). Business entities also may not be represented by a nonlawyer. *See id.* (observing that "individuals are permitted to litigate *pro se*, though not to represent other litigants" and "[c]onfining corporate representation to lawyers mitigates [any agency] problem[s]"); *see also 1756 W. Lake St. LLC v. American Chartered Bank*, 787 F.3d 383, 385 (7th Cir. 2015) (observing that "a limited liability company, like a corporation, cannot litigate *pro se* or be represented in the litigation by a nonlawyer").

The Clerk is **INSTRUCTED** email and to mail this Order to: Chris Redlarczyk, Chris@freezingsystems.com; and Chris Redlarczyk, 107 Freyer Road, Michigan City, IN 46360.

**SO ORDERED** this 23rd day of July 2026.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge