UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN BRICKER,<br><br>Plaintiff,<br><br>v.<br><br>WEICHERT REAL ESTATE AFFILIATES, INC. *et al.*,<br><br>Defendants. | CAUSE NO. 3:26cv702 DRL-SJF |

ORDER

On August 11, 2026, Dunegrass Properties Inc. filed a motion to "oppose" the amended complaint. The motion is odd in several respects. The motion cites no rule under which it proceeds—whether Rule 11, or Rule 12(b), or Rule 12(f), or whether invoking some inherent power of the court—and this often matters, not just for the court, but for *pro se* parties. The motion suggests the court dismissed the original complaint because it presented a frivolous claim, but the court ordered an amended complaint because the original pleading failed to plead jurisdiction sufficiently, not because the court viewed the allegations as frivolous. The motion claims that John Bricker failed to seek leave to amend his complaint—such that Dunegrass views the amended complaint as procedurally defective—but the court, through its prior order, already afforded Mr. Bricker leave to file an amended complaint by July 7, 2026, and he filed a timely one on July 6, 2026. And the motion alludes to jurisdictional worries, but never presents what these might be, much less crafts argument under Rule 12(b)(1). For a number of reasons then, the court denies this motion.

It appears that parties are still being served, and it seems that parties still must verify certain jurisdictional facts. For one, the court has ordered Mr. Bricker and Relarczyk Properties LLC to file a joint jurisdictional statement within 14 days of the company's first appearance. For another, Dunegrass Properties has not filed its corporate disclosure statement with its appearance or motion as required by Rule 7.1 and General Order No. 2023-06, which too aids the court's jurisdictional analysis. For good cause, Dunegrass has requested additional time (until September 10, 2026) to answer or otherwise respond to the amended complaint, and that will be granted and opportunity given to file the disclosure statement. After all, the case cannot fairly or efficiently proceed until parties have been served, appeared, and disclosed.

For these reasons, the court DENIES the motion to oppose the amended complaint [15], GRANTS the motion for extension and affords Dunegrass until September 10, 2026 to answer or otherwise respond to the amended complaint [16], and ORDERS Dunegrass to file a compliant corporate disclosure statement by August 27, 2026.

SO ORDERED.

August 17, 2026

*s/ Damon R. Leichty*
Judge, United States District Court