**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| JOHN BRICKER,<br><br>Plaintiff,<br><br>v.<br><br>WEICHERT REAL ESTATE AFFILIATES INC, et al.,<br><br>Defendants. | CASE NO. 3:26-CV-702-DRL-SJF |

**ORDER FOR WRITTEN STATUS REPORTS**

Fed. R. Civ. P. 16(b) requires this Court to enter a scheduling order—after consultation with the parties—fixing deadlines for amendments to the pleadings, the commencement and completion of discovery, and the filing of dispositive motions. As a result, this Court **ORDERS** the unrepresented Plaintiff and the Defendants to separately prepare and file a *brief* status report, not to exceed three pages unless greater length is unavoidable by **November 6, 2026**. The parties' reports should address:

(1) the nature of the case and the principal factual and legal issues;

(2) whether all parties have been served, or any parties dismissed;

(3) the discovery each party intends to undertake, the anticipated time necessary for completion of discovery, and any limitations on discovery that any party believes may be necessary;

(4) the time within which amendments to the pleadings shall be allowed[1];

[1] The Court's docket reflects that four of the six Defendants—Defendants Weichert Real Estate Affiliates Inc., Weichert of North America, Inc., Mary P. Welty-Meyer, and Dunegrass Properties, Inc. dba Weichert Realtors-Merrion Group—filed their answer to Plaintiff's Amended Complaint on September 2, 2026. [See docket entry 22]. Defendants Chris Redlarczyk and Redlarczyk LLC appeared through counsel on August 21, 2026, but have not answered.

(5) motions now pending or anticipated by any party, and the status of any briefing remaining related to any pending motions;

(6) what deadline should be set for the filing of dispositive motions;

(7) whether any aspects of the case have been stipulated or settled, and when the parties expect to complete mediation or other alternative dispute resolution efforts;

(8) whether the parties have considered litigating this matter under this Court's consent procedure, as explained in the two-page consent form issued contemporaneously with this order.

Upon receipt of the parties' ordered status reports, this Court may schedule a Preliminary Pretrial Conference before entering a Scheduling Order pursuant to Fed. R. Civ. P. 16(b).

In the meantime, Plaintiff is **ADVISED** that his *pro se* status does not relieve him from compliance with the Federal Rules of Civil Procedure and all orders of this Court. *Cady v. Sheahan*, 467 F.3d 1057, 106 (7th Cir. 2006) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Consistent with the mandate of Fed. R. Civ. P. 1 to secure a just, speedy, and inexpensive resolution of this action, *pro se* parties are held to the same procedural standards applied to parties represented by counsel. Strict compliance with court orders is also expected and failure to comply with court orders may result in sanctions up to and including dismissal of the case. See Fed. R. Civ. P. 37(b), 41(b); *Dridi v. Am. Fam. Mut. Ins. Co., S.I.*, 849 F. App'x 161, 163 (7th Cir. 2021).

The Clerk is **DIRECTED** to send consent forms to all parties along with this order.

**SO ORDERED** this 6th day of October 2026.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge