**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| JOHN BRICKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. |
| v. | ) | 3:26-cv-00702-DRL-SJF |
| | ) | |
| WEICHERT REAL ESTATE AFFILIATES, INC., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

FILED - NOV 03, 2026 - PM02:36
US DISTRICT COURT
Northern District of Indiana
Chanda J. Berta - Clerk

**PLAINTIFF'S STATUS REPORT**

Plaintiff John Bricker, pro se, submits this report under the Court's October 6, 2026 Order (ECF 27).

**1. Nature of the case and principal issues.** Plaintiff alleges defamation per se, civil conspiracy, negligent misrepresentation, negligent supervision, and tortious interference arising from statements submitted with Lakefront Associates, LLC's May 22, 2024 filing in Lakefront Associates, LLC v. Bricker, No. 46D04-2404-EV-000564, and from repetition of those statements outside that proceeding (FAC ¶¶ 65A–65B). The principal issues are falsity, privilege, publication outside the proceeding, fault, damages, and the franchisor defendants' responsibility; and the effect of the state eviction order, given that a small-claims judgment "shall not be considered an adjudication of any fact at issue in any other action or court." Ind. Small Claims Rule 11(F).

**Clarifications to Defendants' report (ECF 31). (a) Defendants' Exhibit A, the July 22, 2024 eviction order, states that the lease's sale provision "is not at issue in this case" (¶ 7) and that "[n]either party was able to prove by a preponderance of the evidence whether**

**said check was received" (¶ 12). (b) The first Rosario Scalise, LLC purchase agreement terminated by its own terms on May 19, 2024, before the July 22, 2024 order, and Mr. Epstein's own counsel later represented that the buyer "never provided pre-approval from its bank." Motion to Expunge Lis Pendens ¶¶ 5, 20, Rosario Scalise, LLC v. Epstein, No. 46D03-2410-PL-002838. (c) Plaintiff filed this action in this Court (ECF 1); it was not removed or transferred " Plaintiff strongly disputes other characterizations in Defendants' report and will address them at the appropriate time.**

**2. Service and dismissals.** The Weichert Defendants have answered (ECF 22). Defendants Chris Redlarczyk and Redlarczyk Properties, LLC appeared through counsel on August 21, 2026 (see ECF 27 n.1) and filed waivers of service on October 21, 2026, reflecting a request sent October 14, 2026 (ECF 30). They have not yet answered or otherwise responded to the First Amended Complaint; under the waiver, their response is due December 14, 2026. Fed. R. Civ. P. 4(d)(3), 6(a)(1)(C). No party has been dismissed.

**3. Discovery.** No Rule 26(f) conference has been held. On September 2, 2026, the Weichert Defendants served interrogatories and requests for production. Plaintiff agreed to a November 2, 2026 response date while reserving his objection under Fed. R. Civ. P. 26(d). On November 3, 2026, Plaintiff served and filed his objection: the interrogatories are premature under Rule 26(d)(1), and the requests for production are considered served at the Rule 26(f) conference under Rule 26(d)(2)(B). The same day, Plaintiff delivered his First Requests for Production to the Weichert Defendants under Rule 26(d)(2), and filed his objection and requests under L.R. 26-2(a)(2)(A). Plaintiff proposes that both sides respond within 30 days after the conference, and that the conference be held within 21 days after the Redlarczyk Defendants' December 14, 2026 response deadline so that all parties can confer together. Because discovery

here must be filed publicly, a Rule 26(c) protective order is needed before confidential records are exchanged. Anticipated discovery includes communications among Defendants, Marge Skwiat-Gloy, and James M. Epstein concerning the eviction filing and the Scalise and Peachtree transactions, and depositions of the individual Defendants, Rule 30(b)(6) designees of the corporate Defendants, and Mr. Epstein; and third-party subpoenas to the buyer's agent and brokerage, the title company, and telephone carriers.

**4. Amendments.** Plaintiff proposes an amendment and joinder deadline 90 days after the Rule 26(f) conference.

**5. Motions.** Plaintiff anticipates a stipulated or contested motion for a protective order under Rule 26(c), including relief from public filing of confidential discovery material (L.R. 26-2(a)(2)), and will respond to any dispositive motions Defendants file.

**6. Deadlines.** Plaintiff proposes: Rule 26(f) conference by January 4, 2027 (21 days after the Redlarczyk Defendants' response deadline); initial disclosures 14 days after the conference; amendments and joinder 90 days after the conference; fact discovery closing nine months after the conference; dispositive motions 60 days after the close of discovery.

**7. Settlement.** Nothing has been stipulated, and no claim has been settled. In October 2026, Plaintiff with counsel for the Redlarczyk Defendants with and including Defendants held a preliminary settlement meeting, and those discussions are continuing. If they are not successful, the Redlarczyk Defendants' response is due December 14, 2026. Plaintiff is open to mediation after initial discovery.

**8. Consent procedure.** Consent under 28 U.S.C. § 636(c) requires all parties; the Weichert Defendants declined (ECF 31).

Dated: November 3, 2026

Respectfully submitted,

John Bricker, Plaintiff, pro se
P.O. Box 144
New Buffalo, MI 49117
(269) 612-8946
octovent@fastmail.fm

**CERTIFICATE OF SERVICE**

I certify that on November 3, 2026, I served a copy of this document by first-class U.S. Mail, postage prepaid, on:

Mark C. Correll, Law Offices of The Hanover Insurance Group Inc., 9229 Delegates Row, Suite 100, Indianapolis, IN 46240 (counsel for the Weichert Defendants)

Mark J. Roule, Newby, Lewis, Kaminski & Jones, LLP, 916 Lincolnway, La Porte, IN 46350 (counsel for the Redlarczyk Defendants)

As a courtesy only, I also emailed a copy to mcorrell@hanover.com and mjroule@nlkj.com. Email is not the method of service.

John Bricker