**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| JOHN BRICKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. |
| v. | ) | 3:26-cv-00702-DRL-SJF |
| | ) | |
| WEICHERT REAL ESTATE AFFILIATES, INC., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

FILED - NOV 03, 2026 - PM02:33
US DISTRICT COURT
Northern District of Indiana
Chanda J. Berta - Clerk

**PLAINTIFF'S OBJECTION TO THE WEICHERT DEFENDANTS' PREMATURE DISCOVERY REQUESTS**

Plaintiff John Bricker, pro se, objects to the First Interrogatories and First Requests for Production served on September 2, 2026 by Defendants Weichert Real Estate Affiliates, Inc., Weichert of North America, Inc., Mary P. Welty-Meyer, and Dunegrass Properties, Inc. (the "Weichert Defendants"). Plaintiff does not refuse to answer. He asks only that discovery proceed on the schedule the Federal Rules of Civil Procedure set, and states:

1. On September 2, 2026, the Weichert Defendants served by email twenty-five interrogatories and fifteen requests for production on Plaintiff. Those requests have not been filed with the Court, although N.D. Ind. L.R. 26-2(a)(2)(A) requires that all discovery material in cases involving a pro se party be filed.

2. No conference under Fed. R. Civ. P. 26(f) has been held, and no scheduling order has been entered. On October 6, 2026, the Court ordered the parties to file status reports by November 6, 2026, and stated that it may then schedule a preliminary pretrial conference before entering a scheduling order under Fed. R. Civ. P. 16(b). [DE 27]. "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except in exempt proceedings or when authorized by the rules, by stipulation, or by court order. Fed. R. Civ. P. 26(d)(1). None of those exceptions applies.

3. Interrogatories. Rule 26(d)(2) permits early delivery only of requests under Rule 34. The Rules contain no exception permitting early service of interrogatories. Plaintiff objects to the interrogatories as premature, and no obligation to answer them has arisen. In the interest of moving the case forward, Plaintiff will treat the interrogatories as served on the date of the first Rule 26(f) conference and will answer within 30 days after that date. Fed. R. Civ. P. 33(b)(2).

4. Requests for production. A Rule 34 request delivered before the Rule 26(f) conference "is considered to have been served at the first Rule 26(f) conference." Fed. R. Civ. P. 26(d)(2)(B). Plaintiff's responses are therefore due thirty days after that conference. Fed. R. Civ. P. 34(b)(2)(A).

5. Number of interrogatories. Rule 33(a)(1) limits a party to "no more than 25 written interrogatories, including all discrete subparts." The Weichert Defendants served 25 numbered interrogatories, several of which contain multiple subparts (for example, Interrogatory No. 4(a)-(f)). Plaintiff reserves his objection that, counting discrete subparts, the interrogatories exceed the limit of Rule 33(a)(1).

6. The Federal Rules govern. The requests for production state that they are made "pursuant to Rule 34 of the Indiana Trial Rules." This is a federal action, and discovery is governed by the Federal Rules of Civil Procedure and this Court's Local Rules. Plaintiff will respond under Fed. R. Civ. P. 34.

7. Plaintiff agreed with defense counsel to a November 2, 2026 response date while expressly reserving his objection under Rule 26(d). Agreeing to a response date was not a stipulation to early discovery. To the extent this objection, served one day after that date, is considered untimely, good cause exists to excuse it under Fed. R. Civ. P. 33(b)(4): Plaintiff is pro se, faced concurrent deadlines in this Court and the Indiana Court of Appeals, preserved the objection in writing before the agreed date, and no prejudice results because no conference has occurred and no schedule has been entered.

8. Proposal. On this date Plaintiff has delivered his own First Requests for Production to the Weichert Defendants under Rule 26(d)(2). Plaintiff proposes that both sides' requests for production be answered within thirty days after the Rule 26(f) conference, and that interrogatories be served after that conference. In October 2026, Plaintiff and counsel for the Redlarczyk Defendants held a preliminary settlement meeting. If those discussions are not

successful, the Redlarczyk Defendants' response to the First Amended Complaint is due December 14, 2026. Plaintiff therefore proposes that the Rule 26(f) conference be held within 21 days after that date, so that all parties who have appeared can participate in a single conference.

9. Protective order. Because all discovery in this case must be filed publicly, L.R. 26-2(a)(2)(A), both sides' private and proprietary information would become part of the public record: Plaintiff's personal, financial, and business records, and Defendants' commission, listing, franchise, and personnel records. Before any such information is exchanged, the parties need to resolve a protective order under Fed. R. Civ. P. 26(c) that limits its use to this action and permits confidential material to be served without public filing or filed under seal. Plaintiff objects to producing confidential information until such an order is entered and will confer with defense counsel about a stipulated order.

10. Reservation of objections. By filing this objection, Plaintiff does not waive any objection to any individual interrogatory or request, including objections based on privilege, relevance, proportionality, privacy, or the number of interrogatories. He will state those objections with specificity in his written responses, as Rules 33(b)(4) and 34(b)(2)(B)-(C) require.

11. Plaintiff remains willing to confer. Plaintiff is available to confer with all counsel to hold the Rule 26(f) conference and to agree on a proposed discovery plan and schedule at the earliest convenient date.

Plaintiff therefore gives notice that his responses to the Weichert Defendants' requests for production and interrogatories will be served 30 days after the parties' first Rule 26(f) conference, or as the Court otherwise orders in its scheduling order.

Dated: November 3, 2026

Respectfully submitted,

John Bricker, Plaintiff, pro se
P.O. Box 144
New Buffalo, MI 49117
(269) 612-8946
octovent@fastmail.fm

**CERTIFICATE OF SERVICE**

I certify that on November 3, 2026, I served a copy of this document by first-class U.S. Mail, postage prepaid, and by email, on:

Mark C. Correll, Law Offices of The Hanover Insurance Group Inc., 9229 Delegates Row, Suite 100, Indianapolis, IN 46240, mcorrell@hanover.com (counsel for the Weichert Defendants)

Mark J. Roule, Newby, Lewis, Kaminski & Jones, LLP, 916 Lincolnway, La Porte, IN 46350, mjroule@nlkj.com (counsel for the Redlarczyk Defendants)

John Bricker

I further certify that on the same date I filed a copy with the Clerk of the Court under N.D. Ind. L.R. 26-2(a)(2)(A).